UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| LISA C. STURGILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-500-TLS |
| SCHNEIDER ELECTRIC, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Schneider Electric's Motion to Dismiss [ECF No. 11]. Plaintiff Lisa C. Sturgill has not filed a response. The Defendant filed a Reply [ECF No. 13], asking the Court to consider the Plaintiff's failure to respond as a waiver of argument against the Motion to Dismiss, and to dismiss the case with prejudice.

**BACKGROUND**

On November 9, 2017, the Plaintiff filed a Complaint [ECF No. 5] in state court against the Defendant. The Plaintiff alleged that several actions taken by the Defendant (her former employer) violated Title VII of the Civil Rights Act of 1964. (*See generally* Compl.) The Defendant timely removed [ECF No. 1] the case to this Court, and now moves to dismiss the same.

The Plaintiff alleges that she was harassed and discriminated against in her employment because of her gender, and in retaliation for her complaints concerning her treatment, including the charge she filed with the EEOC. (*Id.* at ¶ 12.) The Plaintiff alleges that she was employed by the Defendant from January 9, 2012, through July 26, 2016, when the Defendant terminated her

employment. (*Id.* at ¶¶ 3, 13.) From November 2015 through July 26, 2016, she held a position as a cell operator. (*Id.* at ¶ 4.) She alleges that she was not properly trained in this position because of her gender. (*Id.* at ¶ 5.) She further alleges that all of her co-workers were male and that most engaged in a pattern of harassment and discrimination towards her, including one instance where a male co-worker called the Plaintiff a derogatory name. (*Id.* at ¶¶ 6–7.) The Plaintiff made complaints and filed grievances regarding this behavior, but the behavior continued despite the Plaintiff's actions. (*Id.* at ¶¶ 8–9.) The Plaintiff maintains that these working conditions continued and that she was subjected to further harassment during the investigation into her complaints and grievances. (*Id.* at ¶ 10.) She ultimately filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC). (*Id.* at ¶ 11.) She attaches to her Complaint a charge dated January 30, 2017 (2017 EEOC Charge), which alleges that the Defendant retaliated against her for filing an EEOC charge in March 2016, regarding sexual harassment. (*Id.*, Ex. 1.)

The Defendant argues that the Plaintiff has failed to state a claim upon which relief can be granted. Specifically, the Defendant states that the Plaintiff failed to allege facts to show that she exhausted her administrative remedies before filing suit as required under Title VII. The Defendant also asserts that any claims based on events that occurred prior to her July 2016 discharge are untimely and outside the scope of the 2017 EEOC Charge.

**ANALYSIS**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678; *Appert*, 673 F.3d at 622.

### A. Administrative Exhaustion

Before bringing a claim under Title VII, plaintiffs must file a charge of discrimination with the EEOC and receive authorization from the EEOC to file a civil action. 42 U.S.C. § 2000e-5(b), (f); *Conner v. Ill. Dep't Nat'l Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Once a plaintiff receives authorization from the EEOC (known as a right-to-sue letter) the plaintiff has 90 days to bring suit. § 2000e-5(f)(1).

Failure to exhaust administrative remedies is an affirmative defense. *Salas v. Wis. Dep't of Corrs.*, 493 F.3d 913, 921–22 (7th Cir. 2007). As such, dismissal is appropriate only if a "plaintiff pleads herself out of court by alleging facts that affirmatively establish the defense." *Krause v. Turnberry Country Club*, 571 F. Supp. 2d 851, 858 (N.D. Ill. 2008) (citations omitted) (internal quotation marks omitted); *see also Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) (Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations). Further, a plaintiff is not required to attach a right-to-sue letter to her complaint. *Id.* at 859 (citing *Raymond v. City of Chi.*, 183 F. Supp. 2d 1060, 1066 n.3 (N.D. Ill. 2002)).

In this case, the Plaintiff alleges that she filed a charge with the EEOC, and includes a copy of the 2017 EEOC Charge with her Complaint. Although the Plaintiff did not reference a right-to-sue letter and did not include a copy of the right-to-sue letter, the Defendant has attached to its Motion to Dismiss the Plaintiff's right-to-sue letter pertaining to the 2017 EEOC Charge. (*See* Def. Mot. to Dismiss Ex. D, ECF No. 11-1.) The Court can take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)); *see also Pierce v. Ill. Dep't of Human Servs.*, 128 Fed. App'x 534, 535 (7th Cir. 2005) (finding no error where the district court, in deciding a motion to dismiss, considered "numerous documents . . . submitted by the parties from the administrative process" that were not attached to the pleadings because they were "public records"); *Anderson v. Ctr. For New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012) (taking judicial notice of EEOC charges attached to the defendant's motion to dismiss). The Court thus takes judicial

notice of the right-to-sue letter. Accordingly, the Court does not find any grounds to dismiss the Plaintiff's Complaint for failure to exhaust her administrative remedies.

### B. Timeliness and Scope of the Charge

As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in the EEOC charge. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256–57 (7th Cir. 2011); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Additionally, only events occurring within a 300-day period prior to the charge are timely. *See* 42 U.S.C. 2000e-5(e).

The Plaintiff attached only one EEOC charge to her Complaint. However, she filed two EEOC charges against the Defendant and received two right-to-sue letters. The first EEOC charge and resulting right-to-sue letter, which was issued on August 16, 2016, were attached to the Defendant's Motion to Dismiss. The Court takes judicial notice of these documents. The Plaintiff, however, did not file suit within 90 days of receiving the first right-to-sue letter. Therefore, only those claims that were raised in the 2017 EEOC Charge—filed in January 2017—are properly before the Court.

At this stage, however, the Court is only concerned with whether the Complaint states a claim upon which relief can be granted. Admittedly, the Plaintiff's Complaint references events that happened more than 300 days from the 2017 EEOC Charge. However, it is not clear that the Plaintiff intended to include these events for the purpose of asserting a separate claim for relief based on those events. The Complaint alleges that the Plaintiff had "an open EEOC charge at the time of her termination in July 2016." (Compl. ¶ 13.) The only charge attached to the Complaint is the one alleging that the Plaintiff became a target for termination after she filed an EEOC complaint about sexual harassment. Accordingly, the Court reads the Complaint as one that

asserts a retaliation claim based on the filing of an EEOC charge in 2016. The Plaintiff may be entitled to rely on time-barred events as evidence that the decision to terminate her employment was unlawful retaliation. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (explaining that plaintiffs are not barred from using prior time-barred events "as background evidence in support of a timely claim"); *Malin v. Hospira, Inc.*, 762 F.3d 552, 561 (7th Cir. 2014) (holding that it was proper for the plaintiff to offer events that occurred outside statute of limitations as circumstantial evidence that employment decision was part of a retaliatory pattern).

The Court finds that the Complaint sufficiently puts the Defendant on notice of the behavior leading to the litigation. The factual allegations in the Complaint and the attached 2017 EEOC charge demonstrate that the Plaintiff is claiming that she complained to the Defendant about sexual harassment and discrimination and was subsequently terminated by the Defendant for filing a charge to the EEOC describing the same. The Plaintiff alleges that this retaliation violated Title VII. The Complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The inclusion of background facts does not warrant dismissal.

## CONCLUSION

For these reasons, the Court DENIES the Defendant's Motion to Dismiss [ECF No. 11].

SO ORDERED on March 12, 2018.

                                        s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT